IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTELLECTUAL VENTURES I LLC and
INTELLECTUAL VENTURES II LLC,

                  Plaintiffs,

    v.

RICOH COMPANY, LTD., RICOH
AMERICAS CORPORATION and RICOH
ELECTRONICS, INC.

                  Defendants.

C.A. No._____

JURY TRIAL DEMANDED

## <u>COMPLAINT</u>

Plaintiffs Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC  ("Intellectual Ventures II") (collectively, "Intellectual Ventures I and II"), by and through its attorneys, for its Complaint for Patent Infringement against Defendants Ricoh Company, Ltd., Ricoh Americas Corporation, and Ricoh Electronics, Inc. (individually and collectively, "Ricoh") allege as follows, upon personal knowledge with respect to its own acts, and upon information and belief with respect to the circumstances and fact of others:

### <u>PARTIES</u>

1.      Intellectual Ventures I is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

2.      Intellectual Ventures II is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

3.      On information and belief, defendant Ricoh Company, Ltd., also known as Kabushiki-gaisha Riko, is a corporation organized under the laws of Japan having a principal place of business at Ricoh Building, 8-13-1 Ginza, Chuo-ku, Tokyo 104-8222, Japan.

4.      On information and belief, Ricoh Americas Corporation is a wholly-owned and controlled subsidiary of Ricoh Company, Ltd., and is a corporation organized and existing under the laws of Delaware with its principal place of business at 5 Dedrick Place, West Caldwell, New Jersey, 07006.    Ricoh Americas Corporation may be served with process through the Corporation Trust Company, Corporation Trust Center 1209 Orange ST, Wilmington, Delaware, 19801.

5.      On information and belief, Ricoh Electronics, Inc. is a wholly-owned and controlled subsidiary of Ricoh Company, Ltd., and is a corporation organized and existing under the laws of California with its principal place of business at 1100 Valencia Ave, Tustin, California, 92780.

6.      On information and belief, Ricoh Company, Ltd., Ricoh Americas Corporation, and Ricoh Electronics, Inc. have been and are acting individually, collectively, and jointly or in concert with regard to all Ricoh activities referenced and alleged in this Complaint.

## JURISDICTION AND VENUE

7.      This is a civil action for the infringement of United States Patent Nos. 5,444,728, 6,130,761, 6,435,686, RE43,086, 5,712,870, 6,754,195, and 6,977,944 (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including in particular under 35 U.S.C. § 271.   Intellectual Ventures I owns United States Patent Nos. 5,444,728, 6,130,761, RE43,086, 5,712,870, 6,754,195, and 6,977,944 and holds the right to sue and recover damages for infringement thereof, including past infringement.   Intellectual

Ventures II owns United States Patent No. 6,435,686 and holds the right to sue and recover damages for infringement thereof, including past infringement. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.   Ricoh is subject to personal jurisdiction in this Court because, upon information and belief, Ricoh does and has done substantial business in this District, including both independently and through and with its subsidiaries and various commercial arrangements by placing its products, including those that infringe Intellectual Venture I and II's patents, into the stream of commerce, which stream is directed at the State of Delaware and this District, with the knowledge and/or understanding that such products would be sold in the State of Delaware and this District. These acts have caused and continue to cause injury to Intellectual Ventures I and II within this District. Ricoh derives substantial revenue from the sale of infringing products distributed within the District, and/or expect or should reasonably expect their actions to have consequences within the District, and derive substantial revenue from interstate and international commerce. In addition, Ricoh has induced and continues to knowingly induce infringement within this District by contracting with others to market and sell infringing products with the knowledge and intent to facilitate infringing sales of the products by others within this District and by creating and/or disseminating instructions and other materials for the products with like mind and intent.

9.   On information and belief, Ricoh has sufficient minimum contacts with the District that an exercise of personal jurisdiction over Ricoh would not offend traditional notions of fair play and substantial justice and would be appropriate under Delaware Code Title 10, Section 3104.

10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and/or and 1400(b).

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 5,444,728

11.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

12.     United States Patent No. 5,444,728 ("the '728 patent"), entitled "Laser Driver Circuit," issued on August 22, 1995, to inventor Marc T. Thompson.  A true and correct copy of the '728 patent is attached to this Complaint as Exhibit A.  The '728 patent is owned by Intellectual Ventures I.

13.     Ricoh will have knowledge and notice of the '728 patent and its infringement at least through the filing and/or service of this Complaint.

14.     Upon information and belief, Ricoh has infringed and continues to infringe one or more claims of the '728 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Ricoh printers, multifunction devices, and copiers that include a laser driver circuit with a bypass switch ("the '728 Accused Instrumentalities").  Upon information and belief, the '728 Accused Instrumentalities include, for example and without limitation, the Ricoh Aficio MP171.

15.     Upon information and belief, Ricoh has induced and continues to induce infringement of the '728 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '728 Accused Instrumentalities.  Such making, using, offering for sale, and selling of the '728 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '728 patent by such subsidiaries, customers, resellers, or third

parties.   Ricoh's acts of encouragement include: providing and intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '728 Accused Instrumentalities; providing other components of and accessories for the '728 Accused Instrumentalities; advertising the '728 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '728 Accused Instrumentalities.

16.     Ricoh has proceeded in this manner despite its actual knowledge of the '728 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '728 patent.   At the very least, because Ricoh is on notice of the '728 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

17.     Upon information and belief, Ricoh has contributed and continues to contribute to the infringement of the '728 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States the '728 Accused Instrumentalities and components thereof to its subsidiaries, customers and resellers, and other third parties.   For example, upon information and belief, Ricoh contributed and continues to contribute to the infringement of the '728 Accused Instrumentalities by selling, offering to sell, and/or importing a laser driver circuit with a bypass switch for use in the '728 Accused Instrumentalities.   Ricoh also contributed and continues to contribute to the infringement of the '728 Accused Instrumentalities by selling, offering to sell, and/or importing the '728 Accused Instrumentalities, which include a laser driver circuit with a bypass switch, that are used in practicing the claimed methods of the '728 patent.   When the '728 Accused Instrumentality is

made, used, sold, or offered for sale by Ricoh's subsidiaries, customers and resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '728 patent. The laser driver circuits with a bypass switch supplied by Ricoh constitute material parts of the claimed inventions of the '728 patent.

18.     Upon information and belief, Ricoh knows, for the reasons described above, that the laser driver circuits with a bypass switch are especially made and/or especially adapted for use in infringing the '728 patent. Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the components and apparatuses have no use apart from making and/or using a laser driver circuit with a bypass switch as claimed in the '728 patent. For example and without limitation, laser driver circuit in the Ricoh Aficio MP171 is used only in conjunction with or as part of the claimed apparatuses and methods.

## COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 6,130,761

19.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

20.     U.S. Patent No. 6,130,761 ("the '761 patent"), entitled "Image Scanning Method," issued on October 10, 2000, to inventors Pao-Yuan Yeh and Yu-Ting Wu. A true and correct copy of the '761 patent is attached to this Complaint as Exhibit B. The '761 patent is owned by Intellectual Ventures I.

21.     Ricoh will have knowledge and notice of the '761 patent and its infringement at least through the filing and/or service of this Complaint.

22.     Upon information and belief, Ricoh has infringed and continues to infringe one or more claims of the '761 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine

of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Ricoh scanners, multifunction devices, and copiers that perform an image scanning method that determines a number of rotation steps for a driving motor ("the '761 Accused Instrumentalities").   Upon information and belief, the '761 Accused Instrumentalities include, for example and without limitation, the Ricoh Aficio MP201SPF.

23.   Upon information and belief, Ricoh has induced and continues to induce infringement of the '761 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '761 Accused Instrumentalities.   Such making, using, offering for sale, and selling of these '761 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '761 patent by such subsidiaries, customers, resellers, or third parties.   Ricoh's acts of encouragement include: providing and intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '761 Accused Instrumentalities; providing other components of and accessories for the '761 Accused Instrumentalities; advertising the '761 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '761 Accused Instrumentalities.

24.   Ricoh has proceeded in this manner despite its actual knowledge of the '761 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '761 patent.   At the very least, because Ricoh is on notice of the '761 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

25.     Upon information and belief, Ricoh has contributed and continues to contribute to the infringement of the '761 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States the '761 Accused Instrumentalities to its subsidiaries, customers and resellers, and other third parties.   For example, upon information and belief, Ricoh contributed and continues to contribute to the infringement of the '761 Accused Instrumentalities by selling, offering to sell, and/or importing an apparatus that includes a motor that performs an image scanning method by determining a number of rotation steps as claimed in the '761 patent.   When the '761 Accused Instrumentality is used by Ricoh's subsidiaries, customers, resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '761 patent.   The apparatus supplied by Ricoh constitutes a material part of the claimed inventions of the '761 patent.

26.     Upon information and belief, Ricoh knows, for the reasons described above, that the apparatus supplied by Ricoh is especially made and/or especially adapted for use in infringing the '761 patent.   Moreover, the apparatus is not a staple articles of commerce suitable for substantial non-infringing use at least because the apparatus has no use apart from performing scanning functionality as claimed in the '761 patent.   For example and without limitation, the stepper motor in Ricoh's Aficio MP201SPF is used only for performing an image scanning method that determines a number of rotation steps for a driving motor as claimed in the '761 patent.

### COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 6,435,686

27.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

8

28.     U.S. Patent No. 6,435,686 ("the '686 patent"), entitled "Light Conducting Plate For a Back Lighting Device and Back Lighting Device," issued on August 20, 2002, to inventors Takumi Gotou, Masatoshi Yamamoto, and Shuichi Fujiyoshi.  A true and correct copy of the '686 patent is attached to this Complaint as Exhibit C.  The '686 patent is owned by Intellectual Ventures II.

29.     Ricoh will have knowledge and notice of the '686 patent and its infringement at least through the filing and/or service of this Complaint.

30.     Upon information and belief, Ricoh has infringed and continues to infringe one or more claims of the '686 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Ricoh printers, scanners, multifunction devices, and copiers that include a light conducting plate for a back lighting device that can be used in a display ("the '686 Accused Instrumentalities").  Upon information and belief, the '686 Accused Instrumentalities include, for example and without limitation, the Ricoh Aficio MP 5000B.

31.     Upon information and belief, Ricoh has induced and continues to induce infringement of the '686 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '686 Accused Instrumentalities.  Such making, using, offering for sale, and selling of the '686 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '686 patent by such subsidiaries, customers, resellers, or third parties.  Ricoh's acts of encouragement include: providing and intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '686 Accused Instrumentalities; providing other components of and accessories for the '686 Accused

Instrumentalities; advertising the '686 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '686 Accused Instrumentalities.

32.    Ricoh has proceeded in this manner despite its actual knowledge of the '686 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '686 patent.  At the very least, because Ricoh is on notice of the '686 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

33.    Upon information and belief, Ricoh has contributed and continues to contribute to the infringement of the '686 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States, components of the '686 Accused Instrumentalities to its subsidiaries, customers and resellers, and other third parties.  For example, upon information and belief, Ricoh contributed and continues to contribute to the infringement of the '686 Accused Instrumentalities by selling, offering to sell, and/or importing a light conducting plate for a back lighting device that can be used in a display for use in the '686 Accused Instrumentalities.  When the resulting '686 Accused Instrumentality is made, used, sold, or offered for sale by Ricoh's subsidiaries, customers, resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '686 patent.  These components supplied by Ricoh constitute material parts of the claimed inventions of the '686 patent.

34.    Upon information and belief, Ricoh knows, for the reasons described above, that these components of the '686 Accused Instrumentalities are especially made and/or especially

adapted for use in infringing the '686 patent.  Moreover, these components are not staple articles of commerce suitable for substantial non-infringing use at least because the components have no use apart from making and/or using a light conducting plate for a back lighting device that can be used in a display, as claimed in the '686 patent.  For example and without limitation, the light conducting plate in the Ricoh Aficio MP 5000B is used only in conjunction with or as part of the claimed apparatuses.

### COUNT IV:  INFRINGEMENT OF U.S. PATENT NO. RE43,086

35.    Paragraphs 1 through 10 are incorporated as if fully set forth herein.

36.    U.S. Patent No. RE43,086 ("the '086 patent"), entitled "Method and User Interface For Performing a Scan Operation For a Scanner Coupled to a Computer System," issued on January 10, 2012, to inventors Chuan-Yu Hsu, Jay Liu, and T.J. Hsu.  A true and correct copy of the '086 patent is attached to this Complaint as Exhibit D.  The '086 patent is owned by Intellectual Ventures I.

37.    Ricoh will have knowledge and notice of the '086 patent and its infringement at least through the filing and/or service of this Complaint.

38.    Upon information and belief, Ricoh has infringed and continues to infringe one or more claims of the '086 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Ricoh printers, scanners, multifunction devices, and copiers that include a memory device with instructions stored thereon and software that provide a user interface for use on a computer system coupled with a scanner for performing a scan operation with an image-enhancement process ("the '086 Accused Instrumentalities").  Upon information

and belief, the '086 Accused Instrumentalities include, for example and without limitation, the Ricoh Aficio SP 1200SF.

39.     Upon information and belief, Ricoh has induced and continues to induce infringement of the '086 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '086 Accused Instrumentalities.   Such making, using, offering for sale, and selling of the '086 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '086 patent by such subsidiaries, customers, resellers, or third parties.   Ricoh's acts of encouragement include: providing and intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '086 Accused Instrumentalities; providing other components of and accessories for the '086 Accused Instrumentalities; advertising the '086 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '086 Accused Instrumentalities.

40.     Ricoh has proceeded in this manner despite its actual knowledge of the '086 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '086 patent.   At the very least, because Ricoh is on notice of the '086 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

41.     Upon information and belief, Ricoh has contributed and continues to contribute to the infringement of the '086 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States the '086 Accused

Instrumentalities to its subsidiaries, customers and resellers, and other third parties. For example, upon information and belief, Ricoh contributed and continues to contribute to the infringement of the '086 Accused Instrumentalities by selling, offering to sell, and/or importing a memory device with instructions stored thereon and software that provide a user interface for use on a computer system coupled with a scanner for performing a scan operation with an image-enhancement process for use in practicing the claimed methods of the '086 patent. When the '086 Accused Instrumentality is made, used, sold, or offered for sale by Ricoh's subsidiaries, customers and resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '086 patent. The memory device and software supplied by Ricoh constitute material parts of the claimed inventions of the '086 patent.

42.     Upon information and belief, Ricoh knows, for the reasons described above, that accused functionality of the memory device with instructions stored thereon and the software are especially made and/or especially adapted for use in infringing the '086 patent. Moreover, these memory devices with instructions stored thereon and the software are not staple articles of commerce suitable for substantial non-infringing use at least because they have no use apart from a user interface for use on a computer system coupled with a scanner for performing a scan operation with an image-enhancement process as claimed in the '086 patent. For example and without limitation, at least the Ricoh Aficio SP 1200SF includes software that provides a user interface that is used only in conjunction with or as part of the claimed inventions.

### COUNT V:  INFRINGEMENT OF U.S. PATENT NO. 5,712,870

43.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

44.     U.S. Patent No. 5,712,870 ("the '870 patent"), entitled "Packet Header Generation and Detection Circuitry," issued on January 27, 1998, to inventor Al Petrick.  A true and correct copy of the '870 patent is attached to this Complaint as Exhibit E.  This '870 patent is owned by Intellectual Ventures I.

45.     Ricoh will have knowledge and notice of the '870 patent and its infringement at least through the filing and/or service of this Complaint.

46.     Upon information and belief, has infringed since at least the filing of this Complaint and continues to infringe one or more claims of the '870 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Ricoh printers, scanners, multifunction devices, copiers and cameras that include the wireless local area network ("Wi-Fi") functionality claimed in the '870 patent ("the '870 Accused Instrumentalities").  Upon information and belief, the '870 Accused Instrumentalities include, for example and without limitation, the Aficio SG 3110DNw.

47.     Upon information and belief, Ricoh has induced and continues to induce infringement of the '870 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '870 Accused Instrumentalities.  Such making, using, offering for sale, and selling of these '870 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '870 patent by such subsidiaries, customers, resellers, or third parties.  Ricoh's acts of encouragement include: providing and intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '870 Accused Instrumentalities; providing other components of and accessories for the '870 Accused

Instrumentalities; advertising the '870 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '870 Accused Instrumentalities.

48.     Ricoh has proceeded in this manner despite its actual knowledge of the '870 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '870 patent.   At the very least, because Ricoh is on notice of the '870 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

49.     Upon information and belief, Ricoh has contributed and continues to contribute to the infringement of the '870 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States, materials and components of the '870 Accused Instrumentalities to its subsidiaries, customers and resellers, and other third parties.  For example, upon information and belief, Ricoh contributed and continues to contribute to the infringement of the '870 Accused Instrumentalities by selling, offering to sell, and/or importing materials and components that provide Wi-Fi functionality for use in the '870 Accused Instrumentalities.   When the resulting '870 Accused Instrumentality is made, used, sold, or offered for sale by Ricoh's subsidiaries, customers, resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '870 patent.   These materials and components supplied by Ricoh constitute material parts of the claimed inventions of the '870 patent.

50.     Upon information and belief, Ricoh knows, for the reasons described above, that the materials and components that provide Wi-Fi functionality in the '870 Accused Instrumentalities are especially made and/or especially adapted for use in infringing the '870 patent.  Moreover, the materials and components are not staple articles of commerce suitable for substantial non-infringing use at least because they have no use apart from providing Wi-Fi functionality as claimed in the '870 patent.  For example and without limitation, the accused Wi-Fi functionalities of the Aficio SG 3110DNw is used only in conjunction with or as part of the claimed systems.

**COUNT VI:  INFRINGEMENT OF U.S. PATENT NO. 6,754,195**

51.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

52.     U.S. Patent No. 6,754,195 ("the '195 patent"), entitled "Wireless Communication System Configured to Communicate Using a Mixed Waveform Configuration," issued on June 22, 2004, to inventor Mark A. Webster and Michael J. Seals.  A true and correct copy of the '195 patent is attached to this Complaint as Exhibit F.  The '195 patent is owned by Intellectual Ventures I.

53.     Ricoh will have knowledge and notice of the '195 patent and its infringement at least through the filing and/or service of this Complaint.

54.     Upon information and belief, Ricoh has infringed and continues to infringe one or more claims of the '195 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Ricoh printers, multifunction devices, copiers, and cameras that include the Wi-Fi functionality claimed in the '195 patent ("the '195 Accused

Instrumentalities").  Upon information and belief, the '195 Accused Instrumentalities include, for example and without limitation, the Aficio SG 3110DNw.

55.    Upon information and belief, Ricoh has induced and continues to induce infringement of the '195 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '195 Accused Instrumentalities.  Such making, using, offering for sale, and selling of the '195 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '195 patent by such subsidiaries, customers, resellers, or third parties.  Ricoh's acts of encouragement include: providing and intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '195 Accused Instrumentalities; providing other components of and accessories for the '195 Accused Instrumentalities; advertising the '195 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '195 Accused Instrumentalities.

56.    Ricoh has proceeded in this manner despite its actual knowledge of the '195 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '195 patent.  At the very least, because Ricoh is on notice of the '195 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

57.    Upon information and belief, Ricoh has contributed and continues to contribute to the infringement of the '195 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States components of the '195

Accused Instrumentalities to its subsidiaries, customers and resellers, and other third parties.  For example, upon information and belief, Ricoh contributed and continues to contribute to the infringement of the '195 Accused Instrumentalities by selling, offering to sell, and/or importing parts that provide Wi-Fi functionality for use in the '195 Accused Instrumentalities.  When the '195 Accused Instrumentality is made, used, sold, or offered for sale by Ricoh's subsidiaries, customers and resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '195 patent.  These components supplied by Ricoh constitute material parts of the claimed inventions of the '195 patent.

58.     Upon information and belief, Ricoh knows, for the reasons described above, that these components of the '195 Accused Instrumentalities are especially made and/or especially adapted for use in infringing the '195 patent.  Moreover, these components are not staple articles of commerce suitable for substantial non-infringing use at least because the accused Wi-Fi functionalities have no use apart from providing Wi-Fi functionality as claimed in the '195 patent.  For example and without limitation, the accused Wi-Fi functionality of the Aficio SG 3110DNw is used only in conjunction with or as part of the claimed systems.

## COUNT VII:  INFRINGEMENT OF U.S. PATENT NO. 6,977,944

59.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

60.     U.S. Patent No. 6,977,944 ("the '944 patent"), entitled "Transmission Protection For Communications Networks Having Stations Operating With Different Modulation Formats," issued on December 20, 2005, to inventors Ronald A. Brockmann, Maarten Hoeben and Maarten Menzo Wentink.  A true and correct copy of the '944 patent is attached to this Complaint as Exhibit G.  The '944 patent is owned by Intellectual Ventures I.

61.     Ricoh will have knowledge and notice of the '944 patent and its infringement through the filing and/or service of this Complaint.

62.     Upon information and belief, Ricoh has infringed and continues to infringe one or more claims of the '944 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Ricoh printers, multifunction devices, copiers, and cameras that include Wi-Fi functionality as claimed in the '944 patent ("the '944 Accused Instrumentalities"). Upon information and belief, the '944 Accused Instrumentalities include, for example and without limitation, the Ricoh Aficio SG 3110DNw.

63.     Upon information and belief, Ricoh has induced and continues to induce infringement of the '944 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '944 Accused Instrumentalities.   Such making, using, offering for sale, and selling of the '944 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '944 patent by such subsidiaries, customers, resellers, or third parties.   Ricoh's acts of encouragement include: providing and intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '944 Accused Instrumentalities; providing other components of and accessories for the '944 Accused Instrumentalities; advertising the '944 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '944 Accused Instrumentalities.

64.     Ricoh has proceeded in this manner despite its actual knowledge of the '944 patent and knowledge and specific intent that the actions it actively induced on the part of its

subsidiaries, customers and resellers, and other third parties constitute infringement of the '944 patent.   At the very least, because Ricoh is on notice of the '944 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

65.     Upon information and belief, Ricoh has contributed and continues to contribute to the infringement of the '944 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States the '944 Accused Instrumentalities and components thereof to its subsidiaries, customers and resellers, and other third parties.   For example, upon information and belief, Ricoh contributed and continues to contribute to the infringement of the '944 Accused Instrumentalities by selling, offering to sell, and/or importing components that provide the accused Wi-Fi functionality for use in the '944 Accused Instrumentalities, including for practicing the claimed methods of the '944 patent. When the '944 Accused Instrumentality is made, used, sold, or offered for sale by Ricoh's subsidiaries, customers and resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '944 patent.   These components or apparatuses supplied by Ricoh constitute material parts of the claimed inventions of the '944 patent.

66.     Upon information and belief, Ricoh knows, for the reasons described above, that these components and apparatuses of the '944 Accused Instrumentalities are especially made and/or especially adapted for use in infringing the '944 patent.   Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use at least because the accused Wi-Fi functionalities have no use apart from providing Wi-Fi functionality as claimed in the '944 patent.   For example and without limitation, the accused Wi-Fi

functionality of the Aficio SG 3110DNw is used only in conjunction with or as part of the claimed systems.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules and Civil Procedure 38(b), Intellectual Ventures I and II demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Intellectual Ventures I and II respectfully pray that this Court enter judgment in its favor as follows:

a)  declaring that Ricoh has directly infringed, induced infringement of, and/or contributed to the infringement of one or more claims of the Asserted Patents;

b)  awarding Intellectual Ventures I and II all damages adequate to compensate for Ricoh's infringement, and in no event less than a reasonably royalty for Ricoh's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

c)  awarding Intellectual Ventures I and II attorney fees, costs, and expenses that it incurs in prosecuting this action; and

d)  awarding Intellectual Ventures I and II any further and additional relief as the Court may deem just and equitable.

Dated:  March 25, 2013

          Respectfully submitted,

          FARNAN LLP

          /s/ Brian E. Farnan
          Brian E. Farnan (Bar No. 4089)
          919 North Market Street, 12th Floor
          Wilmington, DE 19801
          (302) 777-0300
          (302) 777-0301
          bfarnan@farnanlaw.com

OF COUNSEL:

          *Attorneys for Plaintiffs*

Matthew D. Powers
Steven S. Cherensky
Monica M. Eno
Stefani C. Smith
Sam Kim
Palani R. Rathinasamy
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone:  (650) 802-6000
Fax:  (650) 802-6001