**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No. 13-474-SLR |
| RICOH COMPANY, LTD., RICOH AMERICAS CORPORATION and RICOH ELECTRONICS, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**OPENING BRIEF SUPPORTING RICOH COMPANY, LTD., RICOH ELECTRONICS, INC., AND RICOH AMERICAS CORPORATION'S MOTION TO DISMISS**

*Of Counsel:*

ORRICK, HERRINGTON & SUTCLIFFE LLP

Steven J. Routh
Sten A. Jensen
1152 15th Street N.W.
Washington, DC 20005
(202) 339-8400

David E. Case
Izumi Garden Tower, 28th Floor
6-1 Roppongi 1-Chome
Minato-ku, Tokyo, 106-6028
Japan
81-3-3224-2900

William H. Wright
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
(213) 629-2020

Dated: June 17, 2013

ASHBY & GEDDES
John G. Day (#2403)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Ricoh Company, Ltd., Ricoh Electronics, Inc., and Ricoh Americas Corporation*

# TABLE OF CONTENTS

**Page(s)**

PROCEDURAL BACKGROUND ...................................................................................... 1

SUMMARY OF ARGUMENT ........................................................................................ 1

FACTUAL BACKGROUND ........................................................................................... 2

    I.    THE COMPLAINT'S ALLEGATIONS OF PERSONAL
        JURISDICTION .......................................................................................... 2

    II.   FACTS RELEVANT TO LACK OF PERSONAL JURISDICTION
        OVER RCL .................................................................................................. 3

    III.  IV'S CLAIMS OF JOINT INFRINGEMENT ......................................... 5

    IV.  IV'S CLAIMS OF CONTRIBUTORY INFRINGEMENT .................... 5

ARGUMENT ................................................................................................................... 5

    I.    RCL IS NOT SUBJECT TO PERSONAL JURISDICTION IN
        DELAWARE ............................................................................................... 5

           A.    The Long-Arm Statute does not Permit Jurisdiction Over RCL ............... 6

           B.    RCL is Not Subject to Personal Jurisdiction Through the Acts of
               RAC or REI, Two Separate Corporations .................................................. 10

           C.    Asserting Jurisdiction over RCL would Violate Due Process. ................ 11

    II.   THE COMPLAINT FAILS TO STATE A CLAIM OF JOINT
        INFRINGEMENT ...................................................................................... 13

    III.  THE COMPLAINT FAILS TO STATE A CLAIM OF
        CONTRIBUTORY INFRINGEMENT .................................................... 14

CONCLUSION .............................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

<u>CASES</u>

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   629 F.3d 1311(Fed. Cir. 2010) ................................................................. 13, 14

*Akzona Inc. v. E.I. Du Pont De Nemours & Co.*,
   607 F. Supp. 227 (D. Del. 1984) .............................................................. 10

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
   772 F. Supp. 1458 (D. Del. 1991) ............................................................ 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................ 13

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009) ............................................................... 6

*Avocent Huntsville Corp. v. ATEN Int'l Co.*,
   552 F.3d 1324 (Fed. Cir. 2008) ............................................................. 6, 7

*Belden Techs., Inc. v. LS Corp.*,
   829 F. Supp. 2d 260 (D. Del. 2010) ......................................................... 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................ 13

*BMC Resources v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007) ............................................................... 14

*Boston Sci. Corp. v. Wall Cardiovascular Tech., LLC*,
   647 F. Supp. 2d 358 (D. Del. 2009) ......................................................... 8

*C.R. Bard, Inc. v. Guidant Corp.*,
   997 F. Supp. 556 (D. Del. 1998) .............................................................. 10

*D'Jamoos v. Pilatus Aircraft Ltd.*,
   566 F.3d 94 (3d Cir. 2009) ...................................................................... 12

*E. I. DuPont De Nemours & Co. v. Heraeus Holding GmbH*,
   2012 U.S. Dist. LEXIS 140037 (D. Del. Sept. 28, 2012) ......................... 16

*Eurofins Pharma US Holdings v. Bioalliance Pharma SA*,
   623 F.3d 147 (3d Cir. 2010) .................................................................... 8

*Freres v. SPI Pharma, Inc.*,
   629 F. Supp. 2d 374 (D. Del. 2009) ......................................................... 7

*Goodyear Dunlop Tires Ops., SA v. Brown*,
   131 S. Ct. 2846 (2011) ............................................................................ 8

## TABLE OF AUTHORITIES
(continued)

Page(s)

*IMO Indus., Inc. v. Kiekert AG,*
  155 F.3d 254 (3d Cir. 1998) ........................................................................ 5

*In re Bill of Lading,*
  681 F.3d 1323 (Fed. Cir. 2012) .............................................................. 15, 16

*Intellectual Ventures I LLC v. Nikon Corp.,*
  2013 WL 1298599 (D. Del. Apr. 1, 2013)............................................... 2, 14

*J. McIntyre Machinery, Ltd. v. Nicastro,*
  131 S. Ct. 2780 (2011)............................................................................... 12

*Jane Doe #2 v. Archdiocese of Milwaukee,*
  700 F. Supp. 2d 653 (D. Del. 2010)........................................................... 10

*Kehm Oil Co. v. Texaco, Inc.,*
  537 F.3d 290 (D. Del. 2008)........................................................................ 7

*Leader Techs., Inc. v. Facebook, Inc.,*
  770 F. Supp. 2d 686 (D. Del. 2011)........................................................... 14

*Lucent Techs., Inc. v. Gateway, Inc.,*
  580 F.3d 1301 (Fed. Cir. 2009) ................................................................. 15

*Merck & Co. v. Barr Labs., Inc.,*
  179 F. Supp. 2d 368 (D. Del. 2002).............................................................. 8

*Monsanto Co. v. Syngenta Seeds, Inc.,*
  443 F. Supp. 2d 636 (D. Del. 2006).............................................................. 8

*Muniauction, Inc. v. Thomson Corp.,*
  532 F.3d 1318 (Fed. Cir. 2008) ................................................................. 13

*Pragmatus AV, LLC, v. Tangome, Inc.,*
  2013 U.S. Dist. LEXIS 19075 (D. Del. Feb. 13, 2013).......................... 13, 15

*Pragmatus Telecom, LLC v. Ford Motor Co.,*
  2012 U.S. Dist. LEXIS 93112 (D. Del. July 5, 2012) ................................. 16

*Sears, Roebuck & Co. v. Sears Plc,*
  744 F. Supp. 1297 (D. Del. 1990)............................................................... 10

*Telecordia Techs., Inc. v. Alcatel S.A.,*
  2005 U.S. Dist. LEXIS 10194 (D. Del. May 27, 2005)............................... 11

*Time Share Vacation Club v. Atlantic Resorts, Ltd.,*
  735 F.2d 61 (3d Cir. 1984) .......................................................................... 5

*TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.,*
  961 F. Supp. 686 (D. Del. 1997)................................................................... 8

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ............................................................................... 15

*Walker Digital, LLC v. Facebook, Inc.*,
   852 F. Supp. 2d 559 (D. Del. 2012) ........................................................................ 15

## STATUTES

10 Del. C § 3104(c) ................................................................................................ 6-7

35 U.S.C. § 271(c) ............................................................................................... 5, 16

## RULES

Federal Rule of Civil Procedure 12(b)(2) ................................................................ 1

Federal Rule of Civil Procedure 12(b)(6) ................................................................ 1

Pursuant to Federal Rule of Civil Procedure 12(b)(2), defendant Ricoh Company, Ltd. ("RCL") respectfully moves the Court to dismiss it from this action for lack of personal jurisdiction.  In addition, pursuant to Rule 12(b)(6), RCL, defendant Ricoh Electronics, Inc. ("REI"), and defendant Ricoh Americas Corporation ("RAC") (collectively, "Defendants") respectfully move the Court to dismiss the claims of joint infringement and contributory infringement against them for failure to state a claim.

## PROCEDURAL BACKGROUND

On March 25, 2013, plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") filed a Complaint ("Complaint") alleging that RCL, REI, and RAC (collectively, "Defendants") have infringed seven U.S. patents.  The Court granted a stipulated extension of time for the Defendants to respond to the Complaint until June 17, 2013.  D.I. 7; Unnumbered Order Granting D.I. 7 (Apr. 12, 2013).  Defendants now respond by moving the Court to dismiss the Complaint for the reasons set forth herein.

## SUMMARY OF ARGUMENT

RCL is not subject to personal jurisdiction in Delaware, and the Complaint fails to allege facts to the contrary.  RCL is a non-resident Japanese corporation with no contacts, presence, or business activities within Delaware.  RCL's out-of-country activities do not meet the standards for specific or general jurisdiction under Delaware's long arm statute.  RAC and REI do not act as the agent or alter ego of RCL, and so RAC's and REI's actions cannot be imputed to RCL for personal jurisdiction purposes.  RCL likewise lacks minimum contacts necessary for personal jurisdiction under the Due Process clause.  IV's allegations as to personal jurisdiction are legal conclusions, not facts.  The allegations either are refuted by the supporting declaration of RCL employee Hisashi Ishijima or are irrelevant.

The Complaint's allegations of joint and contributory infringement cannot survive a motion to dismiss because they fail to meet the governing pleading standards. IV's deficient pleading is merely a series of repetitive, identical arguments for each of the seven patents asserted against Defendants – all of which fail to provide facts to support IV's assertions, or put Defendants sufficiently on notice as to the type of claim IV is asserting or the relief they are seeking. This Court recently dismissed similar conclusory allegations by IV in a different action. *See, e.g., Intellectual Ventures I LLC v. Nikon Corp.*, 2013 WL 1298599 (D. Del. Apr. 1, 2013). Defendants respectfully request that the Court dismiss IV's claims of joint and contributory infringement for the same reasons set forth by the Court in the *Nikon* litigation.

## FACTUAL BACKGROUND

I.     **THE COMPLAINT'S ALLEGATIONS OF PERSONAL JURISDICTION**

The Complaint does not allege any material facts specifically as to RCL. Instead, it attempts to lump all three Defendants together as "Ricoh" by setting forth allegations as to "Ricoh," when in reality the Defendants are three distinct corporate entities. D.I. 1, ¶ 6, 8-9, 11-66. Moreover, the Complaint alleges "on information and belief" that Defendants "have been and are acting individually, collectively, and jointly or in concert with regard to all Ricoh activities referenced and alleged in this Complaint." *Id.* at ¶ 6. The Complaint alleges no facts supporting this conclusory contention. *See id.*

The Complaint further alleges "upon information and belief" that "Ricoh" (again, defined in the Complaint as all three Defendants collectively) is subject to personal jurisdiction under a "stream of commerce" theory. D.I. 1, ¶ 8. The Complaint alleges that "Ricoh" had knowledge or understanding that products would be sold in Delaware, and that "Ricoh" derives substantial revenue from the sale of products within the District, and/or "expects or should reasonably

expect their actions to have consequences within the District." *Id.* The Complaint also alleges that "Ricoh" derives "substantial revenue from interstate and international commerce." *Id.* IV further alleges that "Ricoh" induces infringement in Delaware. *Id.* Again, the Complaint alleges no specific facts to support these conclusory contentions. *See id.*

Finally, the Complaint alleges "upon information and belief" that "Ricoh has sufficient minimum contacts with the District that an exercise of personal jurisdiction over Ricoh would not offend traditional notions of fair play and substantial justice and would be appropriate under Delaware Code Title 10, Section 3104." D.I. 1, ¶ 9. Again, the Complaint alleges no specific facts to support this conclusory contention. *See id.*

## II.  FACTS RELEVANT TO LACK OF PERSONAL JURISDICTION OVER RCL

RCL is a Japanese company with its principal place of business in Tokyo, Japan; it is not incorporated in any state in the United States. Declaration of Hisashi Ishijima ("Ishijima Decl."), filed herewith, ¶¶ 2-3.

RCL has no contact with the state of Delaware. RCL does not have a place of business in Delaware. Ishijima Decl., ¶ 2. RCL owns no real or personal property, has no offices, and maintains no bank accounts in Delaware. *Id.* ¶ 3. None of RCL's officers, directors or employees is physically located in Delaware, or maintains a primary residence or place of business there. *Id.* ¶ 4.

RCL does not do business in Delaware. RCL is not qualified to do business in Delaware, and has not appointed an agent to accept service of process in Delaware. Ishijima Decl., ¶ 5. RCL does not manufacture, develop, use, sell, or offer to sell any products in Delaware. *Id.* ¶ 6. RCL does not import any products into Delaware. *Id.* RCL does not regularly do or solicit business in Delaware, or engage in any other persistent course of conduct in Delaware. *Id.* ¶ 7.

RCL does not derive revenue from activities in Delaware.  *Id.*  RCL does not advertise in Delaware and does not maintain any corporate books or records in Delaware.  *Id.* ¶ 8.  RCL does not pay taxes in Delaware.  *Id.*  While RCL maintains a website that is accessible to the general public, including residents of Delaware, RCL does not direct its website to residents of Delaware.  *Id.* ¶ 9.

REI and RAC are separate corporate entities from RCL, and they are managed separately from RCL.  Ishijima Decl. ¶¶ 11-12, 14-15.  RCL and RAC have separate managements, separate boards of directors, and they hold separate board meetings, and none of the members of RCL's board of directors are members of RAC's board of directors.  *Id.* ¶ 12.  They maintain separate corporate books and records and separate bank accounts, adhere to separate corporate formalities, and file separate tax returns.  *Id.* ¶ 13.   All of the same is true as to RCL and REI. *Id.* ¶ 15-16.

RCL has not undertaken any act in Delaware in connection with the events alleged in this lawsuit.  Ishijima Decl., ¶ 10.  RCL does not sell any of the products accused of infringement in the Complaint in the United States.  *Id.* ¶ 17.  RCL does sell certain of these products to REI in Asia; REI takes title to those products outside of the United States, where they are manufactured. *Id.*  RCL does not sell such products to RAC.  *Id.*  RCL does not direct the day-to-day operation of RAC or REI, including with respect to the sales and marketing of any accused products in Delaware.  *Id.* ¶ 18.  RAC and REI each have their own officers and executive teams, which are responsible for the day-to-day management of RAC and REI.  *Id.*  No RCL board member is a member of the RAC board or the REI board.  *Id.*  RAC and REI finance their day-to-day activities through funds generated from their business activities, including the manufacture, marketing and distribution of the accused products as well as other products that are not accused

of infringement in this action.  *Id.* ¶ 19.

## III.    IV'S CLAIMS OF JOINT INFRINGEMENT

The Complaint alleges joint infringement by and among RCL, REI and RAC in a single

paragraph of the Complaint which lumps together all three Defendants as follows:

> "Ricoh Company, Ltd., Ricoh Americas Corporation, and Ricoh
> Electronics, Inc. have been and are acting individually, ***collectively, and jointly or***
> ***in concert*** with regard to all Ricoh activities referenced and alleged in this
> Complaint." D.I. 1, ¶ 6 (emphasis added).

## IV.    IV'S CLAIMS OF CONTRIBUTORY INFRINGEMENT

The Complaint alleges contributory infringement by parroting the requirements outlined

under 35 U.S.C. §271(c) for each of the Asserted Patents:

> *Ricoh has contributed and continues to contribute to the infringement* of
> the [] patent under 35 U.S.C. §271(c) *by selling and offering to sell* within the
> United States, and/or importing into the United States . . . . Ricoh also contributed
> and continues to contribute to the infringement of the [ ] Accused
> Instrumentalities by selling, offering to sell, and/or importing the [ ] Accused
> Instrumentalities.  The [part] supplied by Ricoh *constitute material parts* of the
> claimed inventions of the [ ] Patent.  *Id.*, ¶¶ 17, 25, 33, 41, 49, 57, 65. (emphasis
> added)
>
> *Ricoh knows . . . that the* [parts] *are especially made and/or especially*
> *adapted for use in infringing* the [ ] Patent.  Moreover, *these components and*
> *apparatuses are not staple articles of commerce suitable for substantial non-*
> *infringing use*, at least because the components and apparatuses have no use apart
> from making and/or using a [part] as claimed in the [ ] Patent.  *Id.*, ¶¶ 18, 26, 34,
> 42, 50, 58, 66. (emphasis added)

## ARGUMENT

## I.    RCL IS NOT SUBJECT TO PERSONAL JURISDICTION IN DELAWARE

IV "bears the burden of proving that personal jurisdiction is proper" by a preponderance

of the evidence.  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998).  "[A]t no

point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule

12(b)(2) motion to dismiss for lack of in personam jurisdiction."  *Time Share Vacation Club v.*

*Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  "Once the motion is made, plaintiff

must respond with actual proofs, not mere allegations," and "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence" as a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Id.*; *see also Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1023 (Fed. Cir. 2009).

IV cannot carry its burden of proof under any possible theory. Personal jurisdiction in patent cases is governed by Federal Circuit law because the jurisdictional issue is intimately involved with the substance of the patent laws. *Avocent Huntsville Corp. v. ATEN Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008). "Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Id.* at 1329.

### A.      The Long-Arm Statute does not Permit Jurisdiction Over RCL.

Delaware's long arm statute allows for personal jurisdiction under theories of specific jurisdiction, general jurisdiction, or "dual jurisdiction." In relevant part, the Delaware long-arm statute provides:

> As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State; [or]
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

10 Del. C § 3104(c)(1)-(4).[1]  "Subsection (c)(1)-(3) and (5)-(6) are specific jurisdiction

provisions, where there must be a nexus between the cause of action and the conduct of the

defendant as a basis for jurisdiction.  Subsection (c)(4) is a general jurisdiction provision, which

requires a greater extent of contacts, but applies when the claim is unrelated to forum contacts."

*Freres v. SPI Pharma, Inc.*, 629 F. Supp. 2d 374, 383 (D. Del. 2009) (footnote omitted).

The Court does not have specific personal jurisdiction over RCL.  "Specific jurisdiction

exists when the claim arises from or relates to conduct purposely directed at the forum state."

*Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (D. Del. 2008); *Avocent*, 552 F.3d at 1330.

RCL has not purposely directed any conduct at Delaware that gives rise to IV's infringement

claims.  RCL does not make, use, sell, offer for sale, or import any of the accused products (or

any other products) in or into Delaware.  Ishijima Decl., ¶¶ 6, 17.  Nor has RCL undertaken any

activity in Delaware to actively induce infringement in Delaware; in addition to not selling or

offering to sell any accused products in Delaware, RCL has not directed to Delaware or

Delaware residents any advertising related to the accused products.  *Id.* at ¶¶ 8-9.  RCL has not

undertaken any acts in Delaware in connection with the events alleged in this lawsuit.  *Id.* at ¶¶

6-10, 17.  Therefore, there is no nexus between the causes of action and RCL's conduct, and so

the Court cannot exercise specific personal jurisdiction over RCL.

IV does not allege any specific facts as to RCL that would support the exercise of specific

personal jurisdiction, instead just making conclusory allegations "upon information and belief"

as to all three Defendants ("Ricoh").  D.I. 1 at ¶ 8.  To the extent the Complaint can be read as

alleging any relevant facts, these allegations are rebutted by the Ishijima Declaration, and it

follows that IV has not carried its burden of proof.  Moreover, transacting business, even with a

---

[1] The remaining subsections ((5) and (6)) of the statute concern real property in the State and
agreements to insure or act as a surety, and thus do not apply here.

Delaware corporation, outside of Delaware does not satisfy Delaware's long-arm statute. *Boston Sci. Corp. v. Wall Cardiovascular Tech., LLC*, 647 F. Supp. 2d 358, 366 (D. Del. 2009); *Eurofins Pharma US Holdings v. Bioalliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (affirming lack of specific jurisdiction when there was "no indication that [the defendant] committed any act or omission in Delaware"). Nor is it sufficient that RCL has generally-accessible websites. *See, e.g.*, *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1467-68 (D. Del. 1991) ("Advertising in widely distributed national magazines does not qualify as transacting business in Delaware.").

The Court also does not have general personal jurisdiction over RCL. "While seemingly broad in its language, the standard for general jurisdiction is high in practice and not often met." *TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 691 (D. Del. 1997). "[A] plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction." *Merck & Co. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 375 (D. Del. 2002). IV cannot meet the high standard for general jurisdiction over RCL because it "do[es] not conduct business in Delaware"; "[is] not registered to do business in Delaware"; "do[es] not produce, market or sell…any product in Delaware"; and "do[es] not have a bank account, a telephone number or an address in Delaware." *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 643 (D. Del. 2006); Ishijima Decl., ¶¶ 2-9. Further, RCL is not subject to general jurisdiction "wherever [its] products are distributed." *Goodyear Dunlop Tires Ops., SA v. Brown*, 131 S. Ct. 2846, 2856 (2011). In *Goodyear*, despite the defendants' distributors having sold thousands of tires in North Carolina and those distributors actually being subsidiaries or sister corporations of the defendants, only actions of the *defendants* toward the forum mattered, not actions of the distributors. 131 S. Ct. at 2852, 2855. It follows that RCL is not subject to general jurisdiction

based on the actions of RAC, REI, or any other third-party.

In addition, the Court does not have personal jurisdiction via the "dual jurisdiction" "stream of commerce" theory over RCL. "Dual jurisdiction" arises "when a manufacturer has sufficient general contacts with Delaware and *the plaintiffs' claims arise out of those contacts*." *Belden Techs., Inc. v. LS Corp.*, 829 F. Supp. 2d 260, 267 (D. Del. 2010) (internal quotations omitted, emphasis in original). This theory requires proof of "both: (1) an intent to serve the Delaware market; and (2) that this intent results in the introduction of the product into the market and that plaintiff's cause of action arises from injuries caused by that product." *Id.* at 267-68. As noted previously, (*see* Section II) IV did not plead any *facts* as to RCL to prove either prong of this test. Nor could it; here the *Belden* decision is instructive. There, this Court declined to apply the "dual jurisdiction" theory in a patent infringement case to a foreign manufacturer of the accused products. *Id.* at 263.

As in *Belden*, "even assuming that [RCL] had the requisite 'intent to serve' the Delaware market, plaintiff must still demonstrate that this intent resulted in the introduction of [accused products] into the Delaware market *by [RCL]*. There is no evidence of record that [RCL] sent any [accused products] to Delaware." *Id.* at 268; Ishijima Decl., ¶¶ 6-8, 17. As in *Belden*, where LS Korea's American subsidiary took title to the accused products in Asia, prior to importation, here REI takes title to the accused products from RCL prior to importation into the United States, and RAC takes title to the accused products outside of Delaware. *See Belden*, 829 F. Supp. 2d at 268; Ishijima Decl., ¶ 17. As proof of its "dual jurisdiction" theory, the plaintiff in *Belden* pointed to the facts that LS Korea had formed its American subsidiary to serve the U.S. market and had designed its products for the U.S. market. 829 F. Supp. 2d at 268 n.10. This was not enough, nor would such facts (even if alleged) be enough here.

**B.** **RCL is Not Subject to Personal Jurisdiction Through the Acts of RAC or REI, Two Separate Corporations.**

Rather than allege any actions by RCL to support personal jurisdiction over either of those corporate entities, IV seeks to establish jurisdiction over "Ricoh" as a whole, lumping all three defendants together. But under Delaware law, this Court cannot exercise jurisdiction over RCL based on any actions of REI or RAC.[2]

RCL only may be subject to personal jurisdiction in Delaware by virtue of the Court's jurisdiction over REI and RAC if IV satisfies either the "alter ego" theory or the "agency" theory. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 559 (D. Del. 1998). IV does not, and cannot, allege facts proving that RAC or REI is the alter ego of RCL, which would require a showing of "fraud, injustice, or inequity in the use of the corporate form." *See Sears, Roebuck & Co. v. Sears Plc*, 744 F. Supp. 1297, 1304 (D. Del. 1990). Thus, agency is IV's only chance for extending jurisdiction over RAC and REI to RCL.

IV does not, and cannot, allege facts proving that RAC or REI is the agent of RCL. Having wholly owned subsidiaries does not automatically make a subsidiary an agent; rather, "whether a subsidiary is the agent of the parent involves a determination that the separate corporate identifies of the subsidiary and parent are a fiction and the subsidiary is, in fact, being operated as a department of the parent." *Akzona Inc. v. E.I. Du Pont De Nemours & Co.*, 607 F. Supp. 227, 237 (D. Del. 1984). Indeed, the agency theory requires not just that one entity *can* control the actions of another, but that it actually *does* exercise control over actions relevant to the lawsuit. *E.g.*, *Jane Doe #2 v. Archdiocese of Milwaukee*, 700 F. Supp. 2d 653, 659 (D. Del. 2010) ("Under agency theory of personal jurisdiction, only acts of the agent that are directed by

---

[2] RAC is a Delaware Corporation, with its principal place of business in Pennsylvania. REI is a California corporation, with its principle place of business in California. RAC and REI do not contest the exercise of personal jurisdiction over them in this action.

the principal may serve as a basis to assert jurisdiction over the principal.") (internal quotations omitted). "The factors relevant to the court's examination [of possible agency] include: (1) the extent of overlap of officers and directors; (2) methods of financing; (3) the division of responsibility for day-to-day management; and (4) the process by which each corporation obtains its business." *Telecordia Techs., Inc. v. Alcatel S.A.*, 2005 U.S. Dist. LEXIS 10194 at *8 (D. Del. May 27, 2005) (internal quotations omitted).

The relevant factors, applied here, show that neither RAC nor REI is RCL's agent. As set forth above, RCL is a separate corporate entity from both RAC and REI, with separate managements, separate boards, separate board meetings, separate books and records, separate bank accounts, separate corporate formalities, and separate tax returns. Ishijima Decl., ¶¶ 12-13, 15-16. There is no overlap between RCL's board of directors and either RAC's or REI's board of directors. *Id.* ¶¶ 12, 15, 18. Further, each of RAC and REI has its own executive team which directs the day-to-day operations of the company, including as to any sales or marketing of the accused products; RCL does not direct the day-to-day operations of RAC or REI. *Id.* ¶ 18. RAC and REI finance their day-to-day activities through funds generated from their business activities, including the manufacture, marketing and distribution of the accused products as well as other products that are not accused of infringement in this action. *Id.* ¶ 19. Under almost identical facts, in *Telecordia* this Court declined to find that a U.S. subsidiary was the agent of its French parent corporation. *See* 2005 U.S. Dist. LEXIS 10194 at *10-13.

### C. Asserting Jurisdiction over RCL would Violate Due Process.

While the Court need not analyze whether jurisdiction over RCL would comport with the Due Process Clause (because it is not subject to personal jurisdiction under the Delaware Long-Arm Statute), it is an independent reason why personal jurisdiction does not exist here. In order to determine whether jurisdiction over an out-of-state defendant comports with due process,

courts look to a three part test: whether (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). "[T]he first two parts of the test determine whether a defendant has the requisite minimum contacts with the forum." *Id.* "The threshold requirement is that the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State." *Id.* at 102-103 (quotation omitted). As discussed above, RCL has not purposefully directed its activities at Delaware residents or purposefully availed itself of the privilege of conducting activities within Delaware.

In particular, "the stream-of-commerce metaphor cannot supersede either the mandate of the Due Process Clause or the limits on judicial authority that Clause ensures." *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2791 (2011). In *McIntyre*, the Supreme Court rejected specific jurisdiction over an English company whose machines found their way to New Jersey. Six Justices concluded that the defendant's nationwide sales through a distributor (who followed defendant's "'direction and guidance whenever possible'") and attendance at American trade shows failed to establish specific jurisdiction, even where the defendant "directed marketing and sales efforts at the United States" and "permitted, indeed wanted, its independent American Distributor to sell its machines to anyone in America willing to buy them." 131 S. Ct. at 2786, 2790, 2791 (plurality opinion); *id.* at 2791, 2792 (Breyer, J. and Alito, J., concurring) (sale in forum inadequate "even if that defendant places his goods in the stream of commerce, fully aware (and hoping) that such a sale will take place").

Here, IV does not, and cannot, allege that RCL targets *Delaware*. As noted, most of IV's personal jurisdiction allegations are directed towards a "stream of commerce" theory (D.I. ¶ 8)

based on the actions of "Ricoh." But IV does not allege any specific targeting of Delaware by *RCL*. In fact, RCL does not target Delaware. Ishijima Decl., ¶¶ 3-10, 17. Even if RCL could be said to target the U.S. market at a whole, *McIntyre* makes clear that such intent is not enough. As such, due process prohibits the exercise of personal jurisdiction over RCL.

## II.     THE COMPLAINT FAILS TO STATE A CLAIM OF JOINT INFRINGEMENT

To survive a Rule 12 motion, IV must plead specific facts showing that each essential element of their claims is met; conclusory allegations should be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009). As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (valid pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (internal citations and quotes omitted). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Pragmatus AV, LLC, v. Tangome, Inc.*, 2013 U.S. Dist. LEXIS 19075 at *5 (D. Del. Feb. 13, 2013) (citing *Iqbal*, 556 U.S. at 678). Separately, a complaint must be dismissed under Rule 12, unless the well-pled facts in the complaint themselves establish "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

While a finding of direct infringement rests on the concept of "a single party perform[ing] every step of a claimed method," the standard for joint infringement requires one party to exercise "'control or direction' over the entire process such that every step is attributable to the controlling party." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 629 F.3d 1311, 1318 (Fed. Cir. 2010) (internal citations omitted); *see also Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008) (internal citations omitted). Accordingly, joint infringement can exist only when there is an "agency relationship between the parties who perform the method

steps or when one party is contractually obligated to the other to perform the steps." *Akamai*, 629 F.3d at 1320.  This is a higher pleading standard than that for direct infringement, as the complaint must include facts sufficient to establish the "control or direction" standard set forth in the applicable case law.  *See, e.g., Leader Techs., Inc. v. Facebook, Inc.*, 770 F. Supp. 2d 686, 696-97 (D. Del. 2011).

IV's joint infringement claim should be dismissed under the heightened pleading standards required by the Federal Circuit.  IV attempts to meet this standard by making a single conclusory allegation that "Ricoh Company, Ltd., Ricoh Americas Corporation, and Ricoh Electronics, Inc. have been and are actively individually, collectively, and jointly or in concert with regard to all Ricoh activities referenced and alleged in this Complaint."  D.I. 1, ¶ 6. However, IV fails to identify any facts or allege any relationship between the defendants that could suggest that any of these companies either had an agency relationship with or exercised control or direction over its co-defendants – a required showing for joint infringement.  *BMC Resources v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007).  In addition, IV fails to provide *any* facts which help to illustrate how any of the Ricoh companies named would or could perform some of the steps of the patent claims – another requirement for joint infringement. *Leader Techs., Inc.*, 770 F. Supp. 2d at 696.  This court recently held that this exact same type of vague allegation, which is unsubstantiated with any factual support and merely parrots the required claim elements, is not sufficient to withstand a motion to dismiss.  *Nikon*, 2013 WL 1298599 at *6-7.

## III.   THE COMPLAINT FAILS TO STATE A CLAIM OF CONTRIBUTORY INFRINGEMENT

IV also failed to meet its pleading burden with regard to its claim of contributory infringement.  In order to state a claim for contributory infringement, IV must aver that

Defendants (1) offered to sell, sells, or imports (2) a material part of a patented invention, (3) knew of the patented invention, (4) knew the part was made for, or adapted to use, in a patented invention, and (5) the part has no substantial non-infringing use.  *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 (D. Del. 2012).  In order to be considered a "substantial non-infringing use," the use cannot be "unusual, far-fetched illusory, impractical, occasional, aberrant, or experimental."  *In re Bill of Lading,* 681 F.3d 1323, 1338 (Fed. Cir. 2012) (*citing Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009)). In pleading a claim for contributory infringement, a plaintiff must also provide facts that "allow a reasonable inference that all elements of a contributory infringement cause of action are plausible."  *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (internal citations omitted).

In each count of the Complaint, IV identifies accused products that, on their face, have substantial non-infringing uses.  For example, IV alleges that "Ricoh" (i.e. all three Defendants) "contributed and continues to contribute to the infringement of the '870 patent by selling, offering to sell, and/or important materials and components that provide Wi-Fi functionality for use in the '870 Accused Instrumentalities."  D.I. 1, ¶ 49.  However, IV's own assertions regarding this same patent note that the products at issue are "Ricoh printers, scanners, multifunction devices, copiers and cameras."  *Id.*, ¶ 46.  IV's own definition of the accused products belies its claim that there are no non-infringing uses for these products, especially when the claimed functionality at issue does not relate to all features of the products.  The simple allegation that these products *may* be used to infringe is "not sufficient to allow a reasonable inference that, *inter alia*, these services and products have *no* substantial non-infringing uses. *Pragmatus AV,* 2013 U.S. Dist. LEXIS 19075 at *45; *see also Bill of Lading*, 681 F.3d at 1337-

38 (disagreeing with plaintiff's argument that it sufficiently pled contributory infringement when it alleged that "as customized" the defendants' products have no substantial non-infringing use).

IV attempts to skirt this problem by pointing to a component within the accused products for each count (Compl. ¶¶ 18, 26, 34, 42, 50, 58, 66), but this effort fails for two reasons.  First, for six of the seven counts, IV admits that the component may be used either "in conjunction with" or as part of the claimed apparatuses and methods.  *Id.* at ¶¶ ¶¶ 18, 34, 42, 50, 58, 66.  Contributory infringement liability does not extend to components used "in conjunction with," rather than as part of, a patented invention.  35 U.S.C. § 271(c).  Thus, "affirmative allegations of fact in the [Complaint] defeat[] any claim of contributory infringement" even as to these components.  *See In re Bill of Lading*, 681 F.3d at 1337.  Second, IV's allegations essentially "say nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'" *See id.* at 1338.  This type of allegation is insufficient to state a claim.  *Id.*

In sum, IV's "bare bones" allegations of contributory infringement, coupled with their failure to cite specific facts upon which they are relying and their express acknowledgement that the accused products *do* have non-infringing uses, warrant a dismissal of this claim.  *Pragmatus Telecom, LLC v. Ford Motor Co.*, 2012 U.S. Dist. LEXIS 93112 at *1 (D. Del. July 5, 2012); *see also E. I. DuPont De Nemours & Co. v. Heraeus Holding GmbH*, 2012 U.S. Dist. LEXIS 140037 at *9 (D. Del. Sept. 28, 2012) (failure to reference elements of a contributory infringement claim, or to make sufficient factual allegations regarding those elements, warranted dismissal of claim).

## CONCLUSION

For the foregoing reasons, RCL should be dismissed from this action for lack of personal jurisdiction.  In addition, the claims of joint and contributory infringement against each of the Defendants should be dismissed for failure to state a claim.

ASHBY & GEDDES

*/s/ John G. Day*

John G. Day (#2403)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Ricoh Company, Ltd., Ricoh Electronics, Inc., and Ricoh Americas Corporation*

*Of Counsel:*

ORRICK, HERRINGTON &
SUTCLIFFE LLP

Steven J. Routh
Sten A. Jensen
T. Vann Pearce, Jr.
Christopher J. Higgins
1152 15th Street N.W.
Washington, DC 20005
(202) 339-8400
srouth@orrick.com
sjensen@orrick.com
vpearce@orrick.com
chiggins@orrick.com

David E. Case
Izumi Garden Tower, 28th Floor
6-1 Roppongi 1-Chome
Minato-ku, Tokyo, 106-6028
Japan
81-3-3224-2900
dcase@orrick.com

William H. Wright
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
(213) 629-2020
wwright@orrick.com

Misasha C. Suzuki
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400
msuzuki@orrick.com

Dated: June 17, 2013