## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br>and INTELLECTUAL VENTURES II LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>RICOH COMPANY, LTD.,<br>RICOH AMERICAS<br>CORPORATION, and<br>RICOH ELECTRONICS, INC.<br>INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 13-474-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Brian E. Farnan, Esquire of Farnan LLP, Wilmington, Delaware. Counsel for Plaintiffs. Of Counsel: Matthew D. Powers, Esquire, Steven S. Cherensky, Esquire, Monica M. Eno, Esquire, Stefani C. Smith, Esquire, Sam Kim, Esquire, and Palani R. Rathinasamy, Esquire of Tensegrity Law Group LLP.

John G. Day, Esquire, Lauren E. Maguire, Esquire and Andrew C. Mayo, Esquire of Ashby & Geddes, Wilmington, Delaware. Counsel for Defendants. Of Counsel: Steven J. Routh, Esquire, Sten A. Jensen, Esquire, T. Vann Pearce, Jr., Esquire, Christopher J. Higgins, Esquire, David E. Case, Esquire, William H. Wright, Esquire and Misasha C. Suzuki, Esquire of Orrick, Herrington & Sutcliffe LLP.

## MEMORANDUM OPINION

Dated: September 12, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On March 25, 2013, plaintiffs Intellectual Ventures I, LLC ("IV I") and Intellectual Ventures II, LLC ("IV II") (collectively, "plaintiffs") filed a complaint alleging patent infringement against defendants Ricoh Company, Ltd. ("RCL"), Ricoh Americas Corporation ("RAC"), and Ricoh Electronics, Inc. ("REI") (collectively, "defendants"). (D.I. 1) Defendants filed a motion to dismiss the complaint for lack of personal jurisdiction over RCL and for failure to state a claim of joint infringement and contributory infringement. (D.I. 10)

IV I and IV II are limited liability companies organized and existing under the laws of the State of Delaware, with their principal place of business in Bellevue, Washington. (D.I. 1 at ¶¶ 1-2) RCL is a corporation organized under the laws of Japan, with a principal place of business in Tokyo, Japan. (D.I. 1 at ¶ 3) RAC is a wholly-owned and controlled subsidiary of RCL, and is a corporation organized under the laws of Delaware with a principal place of business in West Caldwell, New Jersey. (D.I. 1 at ¶ 4) REI is also a wholly-owned and controlled subsidiary of RCL, and is a corporation organized under the laws of California with a principal place of business in Tustin, California. (D.I.1 at ¶ 5)

Presently before the court is defendants' motion to dismiss for lack of personal jurisdiction and for failure to state a claim of joint infringement and contributory infringement. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). For the reasons that follow, defendants' motion to dismiss for lack of

personal jurisdiction over RCL is granted, and defendants' motion to dismiss for failure
to state a claim of joint infringement and contributory infringement is denied.

## II. STANDARD OF REVIEW

### A. Personal Jurisdiction

Rule 12(b)(2) directs the court to dismiss a case when the court lacks personal
jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When reviewing a motion to
dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of
jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's
favor. *Traynor v. Liu*, 495 F. Supp. 2d 444, 448 (D. Del. 2007). Once a jurisdictional
defense has been raised, the plaintiff bears the burden of establishing, with reasonable
particularity, that sufficient minimum contacts have occurred between the defendant
and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. &
Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must
produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion
"requires resolution of factual issues outside the pleadings." *Time Share Vacation Club
v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984).

To establish personal jurisdiction, a plaintiff must produce facts sufficient to
satisfy two requirements by a preponderance of the evidence, one statutory and one
constitutional. *See id.* at 66; *Reach & Assocs. v. Dencer*, 269 F. Supp. 2d 497, 502 (D.
Del. 2003). With respect to the statutory requirement, the court must determine
whether there is a statutory basis for jurisdiction under the forum state's long-arm
statute. *See Reach & Assocs.*, 269 F. Supp. 2d at 502. The constitutional basis

2

requires the court to determine whether the exercise of jurisdiction comports with the

defendant's right to due process. *See id.*; *see also Int'l Shoe Co. v. Washington*, 326

U.S. 310, 316 (1945).

Pursuant to the relevant portions of Delaware's long-arm statute, 10 Del. C. §

3104(c)(1)-(4), a court may exercise personal jurisdiction over a defendant when the

defendant or its agent:

> (1) Transacts any business or performs any character of
> work or service **in** the State;
> (2) Contracts to supply services or things **in** this State;
> (3) Causes tortious injury in the State by an act or omission
> **in** this State;
> (4) Causes tortious injury in the State or outside of the State
> by an act or omission outside the State if the person
> regularly does or solicits business, engages in any other
> persistent course of conduct **in** the State or derives
> substantial revenue from services, or things used or
> consumed **in** the State.

10 Del. C. § 3104(c)(1)-(4) (emphasis added). With the exception of (c)(4), the

long-arm statute requires a showing of specific jurisdiction. *See Shoemaker v.*

*McConnell*, 556 F. Supp. 2d 351, 354, 355 (D. Del. 2008). Subsection (4) confers

general jurisdiction, which requires a greater number of contacts, but allows the

exercise of personal jurisdiction even when the claim is unrelated to the forum contacts.

*See Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del.

1991).

If defendant is found to be within the reach of the long-arm statute, the court

then must analyze whether the exercise of personal jurisdiction comports with due

process, to wit, whether plaintiff has demonstrated that defendant "purposefully

3

avail[ed] itself of the privilege of conducting activities **within the forum State**," so that it should "reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted) (emphasis added). For the court to exercise specific personal jurisdiction consistent with due process, plaintiff's cause of action must have arisen from the defendant's activities in the forum State. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). For the court to exercise general personal jurisdiction consistent with due process, plaintiff's cause of action can be unrelated to defendant's activities in the forum State, so long as defendant has "continuous and systematic contacts with the forum state." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1470 (D. Del. 1991).

### B. Contributory Infringement

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). A

4

complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

In the context of a claim of contributory infringement under 35 U.S.C. § 271(c), a patentee "must, among other things, plead facts that allow an inference that the components sold or offered for sale [by the alleged infringer] have no substantial non-infringing uses," that is, uses that are " 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.' " *In re Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (internal citation omitted). In *Walker Digital, LLC v. Facebook, Inc.*, 852 F.Supp.2d 559, 566-67 (D.Del.2012), this court concluded that the patentee sufficiently pled its allegations of contributory infringement when it asserted that defendant: "(1) had knowledge of the patent; (2) sold products especially made for infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial non-infringing use; and (5) directly infringed."

## III. ANALYSIS

5

## A. Personal Jurisdiction

When asserting a basis for jurisdiction over a defendant, plaintiffs are first tasked with demonstrating "a statutory basis for jurisdiction under [Delaware's] long-arm statute." *Boston Scientific Corp. V. Wall Cardiovascular Techs., LLC*, 647 F.Supp.2d 358, 364 (D.Del.2009). Plaintiffs assert two bases for personal jurisdiction under subsections (c)(1)-(4) of Delaware's long-arm statute: (1) general jurisdiction under section (c)(4) based on RCL's systematic presence in Delaware as the head of a "global network;" and (2) "dual jurisdiction" under sections (c)(1) and (c)(4) based on RCL's intentional injection of products into the stream of commerce using established business channels.[1] (D.I. 14 at 1-2)

### 1. General jurisdiction

In support of finding general jurisdiction over RCL, plaintiffs argue that "RCL is the head of a well-established distribution chain that results in Ricoh products being systematically sold and consumed in Delaware, from which RCL derives substantial revenues." (D.I. 14 at 7) Specifically, RCL sells various accused products including Ricoh-brand printers, scanners, copiers, and cameras to its subsidiary, REI, in Asia. (D.I. 11 at 4) REI then imports these products into the United States where title eventually passes to another RCL subsidiary, RAC. (D.I. 11 at 9)

Earlier this year, the Supreme Court addressed the question of "whether a foreign corporation may be subjected to a court's general jurisdiction based on contacts

---

[1] Because there is no indication that plaintiffs intended to assert an "agency" theory as the basis for jurisdiction, the court will not address the merits of defendants' arguments on this subject.

6

of its in-state subsidiary." *Daimler AG v. Bauman*, 11-965, 2014 WL 113486, at *10 (Jan. 14, 2014). The Court rejected as "unacceptably grasping" an approach to finding general jurisdiction wherein a corporation merely "engages in a substantial, continuous, and systematic course of business [in the forum state]." Id. at *11. The Court further rejected the Ninth Circuit's agency theory, which subjects a foreign corporation to jurisdiction "wherever they have an in-state subsidiary or affiliate." Id. at *10.

Here, plaintiffs do not contest that RAC "has not undertaken any direct acts in Delaware, does not directly sell products in the United States, is not registered to do business in Delaware, has no offices or registered agents in Delaware, and has no control or agency relationship with its U.S.-based subsidiaries, Defendants RAC and REI." (D.I. 14 at 10) In light of the Supreme Court's holding in *Daimler*, plaintiffs' attempt to argue that general jurisdiction is appropriate based on RAC's relationship with its wholly-owned subsidiaries is unavailing.[2]

## 2. Stream of commerce and dual jurisdiction

Plaintiffs argue that RCL satisfies both prongs of Delaware's dual jurisdiction theory, based on the contention that: (1) RCL "established distribution channels in the United States for distribution of [accused] products"; and (2) RCL maintains a website that provides information about how to purchase Ricoh products and permits direct sales inquiries.[3] (D.I. 17 at 14)

---

[2] The court is unpersuaded by plaintiffs' argument that the act of injecting products into the stream of commerce is enough to establish general jurisdiction over RCL when considered in concert with the actions of RCL's subsidiaries. (D.I. 14 at 12)

[3] RCL denies that the website permits direct online sales inquiries or provides purchase information. (D.I. 17 at 4)

7

There is no evidence in the record that RCL has the requisite intent to sell Ricoh products in Delaware. RCL transfers title of the accused products to REI in Japan, prior to importation. Regardless of the precise functionality of the RCL website, there is no indication that Ricoh products can be directly purchased through it. Altogether, these facts as alleged by plaintiffs are insufficient to support a finding of dual jurisdiction. Because plaintiffs have not established personal jurisdiction over RCL under Delaware's long-arm statute, the court need not address whether the exertion of such jurisdiction satisfies the Due Process Clause.

The court also declines to permit jurisdictional discovery. Such discovery is appropriate only if a plaintiff "presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.' " *Toys "R" Us, Inc. V. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). Given that RCL is a Japanese corporation doing business solely in Asia with its subsidiaries, plaintiffs have not presented sufficient allegations to justify further discovery. Defendants' motion to dismiss RCL for lack of personal jurisdiction is granted.

## B. Contributory Infringement[4]

Plaintiffs allege that for each of seven patents,[5] "Ricoh has contributed and continues to contribute to the infringement of the [patents-in-suit] pursuant to 35 U.S.C.

---

[4] As plaintiffs aver that they have not alleged joint infringement at this time, the court does not concern itself with defendants' motion in this regard.

[5] The patents-in-suit are United States Patent Nos. 5,444,728, 6,130,761, 6,435,686, RE43,086, 5,712,870, 6,754,195, and 6,977,944.

8

§ 271(c) by selling and offering to sell within the United States, and/or importing into the United States the [patented] Accused Instrumentalities and components thereof to its subsidiaries, customers and resellers, and other third parties." (D.I. 1 at ¶ 17) Plaintiffs' claims of contributory infringement are facially plausible and provide defendants with adequate notice to satisfy the pleading requirements of *Twombly* and *Iqbal*. Plaintiffs' complaint appropriately asserts that defendants had knowledge of its infringement "at least through the filing and/or service of this Complaint." (D.I. 1 at ¶ 13); *Walker Digital LLC v. Facebook, Inc.*, 852 F.Supp.2d 559, 565 (D.Del.2012) (explaining that "defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint satisfies the requirements of *Global-Tech*").

For each patent-in-suit, plaintiffs describe the accused products and include a representative product. For example, plaintiffs describe a laser driver circuit with a bypass switch, and assert that "these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use . . . ." (D.I. 1 at ¶ 18) Given Form 18's liberal pleading requirements which allow plaintiffs to plead that entire product categories infringe the patent-in-suit, plaintiffs' identification of particular products satisfies the requirement that some part or product contributorily infringe. *See generally FotoMedia Techs., LLC v. AOL, LLC*, Civ. No. 07-255, 2008 WL 4135906, at *2 (E.D.Tex. Aug. 29, 2008).

## IV. CONCLUSION

For the reasons discussed above, plaintiffs' motion to dismiss for lack of personal jurisdiction over RCL is granted and defendants' motion to dismiss plaintiffs'

claims for joint and contributory infringement is denied.

    An appropriate order shall issue.