# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>Plaintiffs and Counter-Defendants,<br><br>v.<br><br>RICOH COMPANY, LTD., RICOH AMERICAS CORPORATION, and RICO ELECTRONICS, INC.,<br><br>Defendants and Counterclaimants. | Civil Action No. 13-cv-474 (SLR)<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ANSWER AND DEFENSES TO DEFENDANTS' COUNTERCLAIMS

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") answer Defendants Ricoh Americas Corporation and Ricoh Electronics, Inc.'s (collectively, "Ricoh") Counterclaims, filed on September 26, 2014, as follows:

## PARTIES

1. Regarding Paragraph 1 of the Counterclaims, IV admits that Ricoh Americas Corporation is a corporation organized under the laws of the state of Delaware. IV lacks knowledge or information sufficient to form a belief as to whether Ricoh Americas Corporation maintains its principal place of business at 70 Valley Stream Parkway, Malvern, PA, 19355.

2. Regarding Paragraph 2 of the Counterclaims, IV admits that Ricoh Electronics, Inc. is a corporation organized and existing under the laws of California with its principal place of business at 1100 Valencia Ave., Tustin, CA, 92780.

3. Regarding Paragraph 3 of the Counterclaims, IV admits Intellectual Ventures I LLC is a Delaware limited liability company with its principal place of business at 3150 139th Ave. SE, Bellevue, WA, 98005.

1

4. Regarding Paragraph 4 of the Counterclaims, IV admits Intellectual Ventures II LLC is a Delaware limited liability company with its principal place of business at 3150 139th Ave. SE, Bellevue, WA, 98005.

## IV'S ANSWER TO JURISDICTION AND VENUE

5. Regarding Paragraph 5 of the Counterclaims, IV admits that Ricoh seeks a remedy under 28 U.S.C. §§ 1331, 1338, 2201, and 2202. IV denies that there is subject matter jurisdiction over Ricoh's First, Second, Seventh, Eighth, Ninth, and Tenth Counterclaims. IV does not contest that there is subject matter jurisdiction in this case over Ricoh's remaining Counterclaims, including based on the activities of Ricoh.

6. Regarding Paragraph 6 of the Counterclaims, IV does not contest that venue as to the remaining Counterclaims is proper.

7. Regarding Paragraph 7 of the Counterclaims, IV agrees to the personal jurisdiction of this Court.

## IV'S ANSWER TO FACTUAL BACKGROUND

8. IV admits that it alleges that certain Ricoh products infringe US Patent Nos. 5,712,870 (the "'870 Patent"), 6,754,195 (the "'195 Patent"), and 6,977,944 (the "'944 Patent") (collectively, the "Asserted WiFi Patents"). IV lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 relating to the Wi-Fi Alliance. IV denies the remaining allegations of Paragraph 8 of Ricoh's Counterclaims.

9. IV admits that, according to the Patent Office recordation histories of the Asserted WiFi Patents, Intersil Corporation was an assignee of the '870 Patent (or the patent application that matured into the '870 Patent) during the time period of April-June, 2003, and Intersil Americas Inc. was an assignee of the '195 and '944 Patents (or the patent applications that matured into the '195 and '944 Patents) during the time period of April-June, 2003. IV further

admits that the Asserted WiFi Patents are owned by Intellectual Ventures I LLC.  IV denies the remaining allegations of Paragraph 9 of Ricoh's Counterclaims.

10. IV lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 10 of Ricoh's Counterclaims.

11. IV admits that it appears that Intersil Corp. submitted a letter to the IEEE on April 4, 2003, including the text quoted by Ricoh in Paragraph 11 of the Counterclaims.  IV denies the remaining allegations of Paragraph 11 of Ricoh's Counterclaims.

12. IV admits that it appears that Intersil Corp. submitted letters to the IEEE on April 4, 2003, and June 4, 2003, regarding the 802.11e and 802.11i standards respectively.  IV denies the remaining allegations of Paragraph 12 of Ricoh's Counterclaims.

13. IV admits that it is a subsequent assignee of the Asserted WiFi Patents.  IV denies the remaining allegations of Paragraph 13 of Ricoh's Counterclaims.

14. Regarding Paragraph 14 of the Counterclaims, IV has had discussions with Ricoh about a potential license to the Asserted WiFi Patents.  These discussions have not yet resulted in a license.  IV denies the remaining allegations of Paragraph 14 of Ricoh's Counterclaims.

15. IV denies the allegations of Paragraph 15 of Ricoh's Counterclaims.

**IV'S ANSWER TO FIRST COUNTERCLAIM: BREACH OF CONTRACT**

16. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

17. IV admits that it alleges in its Complaint that the accused Ricoh products, which are compliant with the IEEE's 802.11 Standards technology, infringe at least one claim of each of the three Asserted WiFi Patents.  IV denies the allegations of Paragraph 17 of Ricoh's Counterclaims.

18. IV admits that it owns the Asserted WiFi Patents. IV denies the remaining allegations of Paragraph 18 of Ricoh's Counterclaims.

19. IV denies the allegations of Paragraph 19 of Ricoh's Counterclaims.

20. IV denies the allegations of Paragraph 20 of Ricoh's Counterclaims.

21. IV admits that Ricoh is a defendant in this action that includes allegations of infringement of the Asserted WiFi Patents. IV denies the remaining allegations of Paragraph 21 of Ricoh's Counterclaims.

**IV'S ANSWER TO SECOND COUNTERCLAIM: PROMISSORY ESTOPPEL**

22. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

23. IV denies the allegations of Paragraph 23 of Ricoh's Counterclaims.

24. IV denies the allegations of Paragraph 24 of Ricoh's Counterclaims.

25. IV lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 of Ricoh's Counterclaims.

26. IV denies the allegations of Paragraph 26 of Ricoh's Counterclaims.

27. IV admits that Ricoh is a defendant in this action that includes allegations of infringement of the Asserted WiFi Patents. IV denies the remaining allegations of Paragraph 27 of Ricoh's Counterclaims.

**IV'S ANSWER TO THID COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '728 PATENT**

28. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

29. Regarding Paragraph 29 of Ricoh's Counterclaims, IV admits that it contends that Ricoh has infringed and is infringing the '728 Patent. IV denies the remaining allegations of Paragraph 29 of Ricoh's Counterclaims.

30. IV denies the allegations of Paragraph 30 of Ricoh's Counterclaims.

31. Regarding Paragraph 31 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that it has not infringed and does not infringe any claim of the '728 Patent.

### IV'S ANSWER TO FOURTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '728 PATENT

32. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

33. Regarding Paragraph 33 of Ricoh's Counterclaims, IV admits that it has asserted the '728 Patent against Ricoh. IV denies the remaining allegations of Paragraph 33 of Ricoh's Counterclaims.

34. IV denies the allegations of Paragraph 34 of Ricoh's Counterclaims.

35. Regarding Paragraph 35 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that the claims of the '728 Patent are invalid.

### IV'S ANSWER TO FIFTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '761 PATENT

36. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

37. Regarding Paragraph 37 of Ricoh's Counterclaims, IV admits that it contends that Ricoh has infringed and is infringing the '761 Patent. IV denies the remaining allegations of Paragraph 37 of Ricoh's Counterclaims.

38. IV denies the allegations of Paragraph 38 of Ricoh's Counterclaims.

39. Regarding Paragraph 39 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that it has not infringed and does not infringe any claim of the '761 Patent.

## IV'S ANSWER TO SIXTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '761 PATENT

40. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

41. Regarding Paragraph 41 of Ricoh's Counterclaims, IV admits that it has asserted the '761 Patent against Ricoh. IV denies the remaining allegations of Paragraph 41 of Ricoh's Counterclaims.

42. IV denies the allegations of Paragraph 42 of Ricoh's Counterclaims.

43. Regarding Paragraph 43 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that the claims of the '761 Patent are invalid.

## IV'S ANSWER TO SEVENTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '086 PATENT

44. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

45. Regarding Paragraph 45 of Ricoh's Counterclaims, IV understands that Ricoh is withdrawing its counterclaims for the '086 Patent upon IV's withdrawal of the '086 Patent from this case.

46. IV denies the allegations of Paragraph 46 of Ricoh's Counterclaims.

47. Regarding Paragraph 47 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that it has not infringed, and does not infringe, any claim of the '086 Patent.

## IV'S ANSWER TO EIGHTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '086 PATENT

48. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

49. Regarding Paragraph 49 of Ricoh's Counterclaims, IV understands that Ricoh is withdrawing its counterclaims for the '086 Patent upon IV's withdrawal of the '086 Patent from this case. IV denies the remaining allegations of Paragraph 49 of Ricoh's Counterclaims.

50. IV denies the allegations of Paragraph 50 of Ricoh's Counterclaims.

51. Regarding Paragraph 51 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that the claims of the '086 Patent are invalid.

## IV'S ANSWER TO NINTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '686 PATENT

52. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

53. Regarding Paragraph 53 of Ricoh's Counterclaims, IV understands that Ricoh is withdrawing its counterclaims for the '686 Patent upon IV's withdrawal of the '686 Patent from this case.

54. IV denies the allegations of Paragraph 54 of Ricoh's Counterclaims.

55. Regarding Paragraph 55 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that it has not infringed and does not infringe any claim of the '686 Patent.

## IV'S ANSWER TO TENTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '686 PATENT

56. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

57. Regarding Paragraph 57 of Ricoh's Counterclaims, IV understands that Ricoh is withdrawing its counterclaims for the '686 Patent upon IV's withdrawal of the '686 Patent from this case. IV denies the remaining allegations of Paragraph 57 of Ricoh's Counterclaims.

58. IV denies the allegations of Paragraph 58 of Ricoh's Counterclaims.

59. Regarding Paragraph 59 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that the claims of the '686 Patent are invalid.

### IV'S ANSWER TO ELEVENTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '870 PATENT

60. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

61. Regarding Paragraph 61 of Ricoh's Counterclaims, IV admits that it contends that Ricoh has infringed and is infringing the '870 Patent. IV denies the remaining allegations of Paragraph 61 of Ricoh's Counterclaims.

62. IV denies the allegations of Paragraph 62 of Ricoh's Counterclaims.

63. Regarding Paragraph 63 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that it has not infringed and does not infringe any claim of the '870 Patent.

### IV'S ANSWER TO TWELFTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '870 PATENT

64. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

65. Regarding Paragraph 65 of Ricoh's Counterclaims, IV admits that it has asserted the '686 Patent against Ricoh. IV denies the remaining allegations of Paragraph 65 of Ricoh's Counterclaims.

66. IV denies the allegations of Paragraph 66 of Ricoh's Counterclaims.

67. Regarding Paragraph 67 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that the claims of the '870 Patent are invalid.

### IV'S ANSWER TO THIRTEENTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '195 PATENT

68. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

69. Regarding Paragraph 69 of Ricoh's Counterclaims, IV admits that it contends that Ricoh has infringed and is infringing the '195 Patent. IV denies the remaining allegations of Paragraph 69 of Ricoh's Counterclaims.

70. IV denies the allegations of Paragraph 70 of Ricoh's Counterclaims.

71. Regarding Paragraph 71 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that it has not infringed and does not infringe any claim of the '195 Patent.

### IV'S ANSWER TO FOURTEENTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '195 PATENT

72. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

73. Regarding Paragraph 73 of Ricoh's Counterclaims, IV admits that it has asserted the '195 Patent against Ricoh. IV denies the remaining allegations of Paragraph 73 of Ricoh's Counterclaims.

74. IV denies the allegations of Paragraph 74 of Ricoh's Counterclaims.

75. Regarding Paragraph 75 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that the claims of the '195 Patent are invalid.

## IV'S ANSWER TO FIFTEENTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '944 PATENT

76. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

77. Regarding Paragraph 77 of Ricoh's Counterclaims, IV admits that it contends that Ricoh has infringed and is infringing the '944 Patent. IV denies the remaining allegations of Paragraph 77 of Ricoh's Counterclaims.

78. IV denies the allegations of Paragraph 78 of Ricoh's Counterclaims.

79. Regarding Paragraph 79 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that it has not infringed and does not infringe any claim of the '944 Patent.

## IV'S ANSWER TO SIXTEENTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '944 PATENT

80. IV incorporates by reference its answers to and re-answers Paragraphs 1-15 of Ricoh's Counterclaims as if fully set forth herein.

81. Regarding Paragraph 81 of Ricoh's Counterclaims, IV admits that it has asserted the '944 Patent against Ricoh. IV denies the remaining allegations of Paragraph 81 of Ricoh's Counterclaims.

82. IV denies the allegations of Paragraph 82 of Ricoh's Counterclaims.

83. Regarding Paragraph 83 of Ricoh's Counterclaims, IV admits Ricoh purports to seek a judicial declaration that the claims of the '944 Patent are invalid.

## IV'S AFFIRMATIVE DEFENSES

IV asserts the following affirmative defenses to Ricoh's Counterclaims. IV reserves the right to assert any other affirmative defenses that discovery may reveal.

## FIRST DEFENSE
## (Failure to State a Claim)

Ricoh's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE
## (Ripeness)

There is no subject matter jurisdiction for Ricoh's First and Second Counterclaims because they were not ripe for adjudication when filed and are not now ripe.

## THIRD DEFENSE
## (No Breach)

To the extent an alleged contract existed or exists, IV has performed all duties owed under any alleged contract other than any duties which were prevented or excused.

## FOURTH DEFENSE
## (Lack of Privity)

To the extent an alleged contract existed or exists, there is a lack of privity with the parties to the agreement.

## FIFTH DEFENSE
## (No Damage to Ricoh)

To the extent an alleged contract existed or exists, Ricoh has not and does not suffer any damages or economic loss.

## SIXTH DEFENSE
## (Failure of Condition Precedent)

To the extent an alleged contract existed or exists, conditions precedent have not been met.

## SEVENTH DEFENSE
## (Failure to Mitigate Damages)

To the extent an alleged contract existed or exists, Ricoh has failed to take reasonable steps to reduce or minimize any alleged damages.

## EIGHTH DEFENSE
## (Waiver)

Ricoh's claims for relief are barred in whole or in part by the equitable doctrine of waiver.

## IV'S ANSWER TO RICOH'S PRAYER FOR RELIEF

IV denies that Ricoh is entitled to any relief, including the relief prayed in Ricoh's Counterclaims, including Paragraphs A – D under "On Intellectual Ventures' Claim" and Paragraphs A – W under "On Ricoh's Counterclaims."


Date: October 22, 2014

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: 302-777-0300
Facsimile: 302-777-0301
bfarnan@farnanlaw.com

Matthew D. Powers (admitted *pro hac vice*)
Steven S. Cherensky (admitted *pro hac vice*)
Stefani C. Smith (admitted *pro hac vice*)
Sam Kim (admitted *pro hac vice*)
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone: (650) 802-6000
Fax: (650) 802-6001

*Attorneys for Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC*