IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | ) | |
| | ) | REDACTED PUBLIC VERSION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-474-SLR-SRF |
| | ) | |
| RICOH AMERICAS CORPORATION and | ) | |
| RICOH ELECTRONICS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this 10th day of March, 2016, the court having considered the letter briefs and arguments presented by the parties regarding plaintiff Intellectual Ventures I LLC's ("IV") motion to compel defendant Ricoh Electronics, Inc. ("REI") to produce documents and 30(b)(6) testimony regarding the design and operation of its accused products, (D.I. 143, D.I. 146, D.I. 152, D.I. 154, 2/10/16 Tr.), IT IS HEREBY ORDERED that IV's motion to compel is denied for the reasons set forth below.

**1. Background.** Ricoh Electronics, Inc. ("REI") is a U.S. company and a wholly owned subsidiary of Ricoh Americas Corp. ("RAC"). Ricoh Company, Ltd. ("RCL") is a Japanese company that is the parent company of RAC, REI, and other Ricoh entities. RCL designs, develops, and manufactures the products accused of infringement in the present case, and exports them to REI in the United States, who transfers the accused products to RAC for distribution and sale in the U.S.

**2.** IV commenced this patent infringement action on March 25, 2013 against RCL, RAC, and REI. (D.I. 1) On June 17, 2013, RCL, RAC, and REI filed a motion to dismiss the

complaint for lack of personal jurisdiction. (D.I. 10) On September 12, 2014, Judge Robinson dismissed RCL as a party for lack of personal jurisdiction. (D.I. 22, D.I. 23)

3. Following RCL's dismissal from the pending action, REI and RAC did not provide IV with discovery regarding the design, structure, and operation of the accused products, asserting that those documents were in RCL's control. (D.I. 143 at 2) IV sought to obtain the documents directly from RCL by filing an unopposed motion for issuance of letters rogatory (D.I. 56), but IV represents to the court that the request was denied by the Japanese Supreme Court through the Japanese Ministry of Foreign Affairs (D.I. 143 at 2).

4. On July 31, 2015, the substantial document production completion deadline passed and no documents from RCL were produced. (D.I. 30 at ¶ 1(d)(2)) In October 2015, REI produced a Technical Assistance Agreement ("TAA") between RCL and REI, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Following the production of the TAA, IV renewed its request that certain categories of RCL documents be produced. (D.I. 143, Ex. D) The parties agreed to extend the fact discovery deadline from December 4, 2015 to January 22, 2016. (D.I. 128) Between November 25, 2015 and December 8, 2015, REI produced a number of the RCL documents. On January 29, 2016, REI produced an additional nine RCL documents.

5. The court held a discovery dispute teleconference on February 10, 2016 to address IV's argument that REI's production was still deficient. The court ordered the parties to meet and confer to determine whether documents from RCL were still missing, and to set forth the legal and factual basis for obtaining documents from RCL as a foreign non-party after the motion for issuance of letters rogatory was denied by Japanese authorities. On February 12, 2016, IV

met and conferred with REI and provided REI with spreadsheets identifying the documents still missing from REI's production.

      **6. Legal standard.** Rule 34(a) of the Federal Rules of Civil Procedure provides that

> [a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . .

Rule 34(a) gives the court authority over a party-litigant to order the production of documents which are held in the joint control of a party-litigant and a third party. *Inline Connection Corp. v. AOL Time Warner Inc.*, 2006 WL 2864586, at *1 (D. Del. Oct. 5, 2006) (citing *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 146 (D. Del. 2005)). The party seeking production bears the burden of establishing control. *Id.* (citing *Playboy Entertainment Group, Inc. v. United States*, C.A. No. 96-94-JJF, 1997 WL 873550, at *3 (D. Del. Dec. 11, 1997)).

      **7.** In the context of Rule 34(a), the Third Circuit defines "control" as the "legal right to obtain the documents required on demand." *Gerling Int'l Ins. Co. v. Comm'r of Internal Revenue*, 839 F.2d 131, 140 (3d Cir. 1988) (quoting *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977); C. Wright & A. Miller, 8 Federal Practice & Procedure § 2210). Where, as here, the litigating corporation is the subsidiary and the parent maintains possession of the records, control by the subsidiary has been found in two circumstances: (1) "where the 'alter ego' doctrine warranted piercing the corporate veil;" and (2) "where the subsidiary was an agent of the parent in the transaction giving rise to the suit and in litigating the suit on the parent's behalf." *Gerling*, 839

F.2d at 140. "In the absence of control by a litigating corporation over documents in the physical possession of another corporation, the litigating corporation has no duty to produce." *Id.*

**8. Analysis.** IV's request to compel REI to produce documents in RCL's possession pursuant to the terms of the TAA is denied. First, REI does not have control over the missing documents in RCL's possession under the terms of the TAA. The TAA defines ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (D.I. 143, Ex. C at Article 1(a)) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Therefore, documents in RCL's possession relating to the ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ fall outside the scope of the TAA. (D.I. 154, Ex. G at 30:9-22) REI has represented that it produced all documents it received from RCL relating to ▇▇▇▇▇▇▇ and IV has failed to prove otherwise.



**9.** Article 4.3 of the TAA does not support IV's position that REI has control over RCL or the documents in RCL's possession. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In accordance with this provision, REI has shown that RCL produced documents that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.*) The language of the TAA does not indicate that REI has the authority to choose the documents produced by RCL or compel RCL to produce specific documents. "In the absence of control by a litigating corporation over documents in the physical possession of

4

another corporation, the litigating corporation has no duty to produce." *Gerling*, 839 F.2d at 140. Therefore, IV has failed to meet its burden of establishing that REI has control over the documents in RCL's possession.

**10.** Moreover, IV has failed to establish the existence of an agency relationship between REI and RCL in accordance with Third Circuit precedent. *See Gerling*, 839 F.2d at 140. In the court's September 12, 2014 decision on personal jurisdiction, Judge Robinson expressly concluded that RCL "has no control or agency relationship with its U.S.-based subsidiaries, Defendants RAC and REI." *Intellectual Ventures I LLC v. Ricoh Co., Ltd.*, 67 F. Supp. 3d 656, 661 (D. Del. 2014). Although consideration of the TAA did not play a role in Judge Robinson's analysis, the court has established that the TAA did not create an agency relationship between REI and RCL. *See* ¶¶ 8-9, *supra*.

**11.** IV's motion to compel REI to produce a Rule 30(b)(6) witness to testify regarding the documents produced by RCL is also denied. As a preliminary matter, none of the noticed deposition topics addresses RCL's efforts in searching for responsive documents.[1] (D.I. 154, Ex. A at 8:6-12) Therefore, REI's Rule 30(b)(6) witnesses were not obligated to testify on this subject.

**12.** Article 4.3 of the TAA does not grant REI the right to compel RCL to send employees to the U.S. to assist in litigation ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ IV has failed to show how this language requires RCL to provide a witness to testify at a 30(b)(6) deposition, or how the testimony would ███████████████████ pursuant to the express language of the

---

[1] Although the TAA was produced after the 30(b)(6) notice was filed, an amended 30(b)(6) notice reflecting the new lines of inquiry was not submitted.

5

TAA. As previously discussed, IV has not met its burden of showing that REI has control over RCL under the terms of the TAA. *See* ¶¶ 8-9, *supra*.

13. With respect to REI's alleged failure to adequately prepare a 30(b)(6) witness regarding the contents of the RCL documents, REI has shown that its ability to prepare witnesses to discuss documents from another corporate entity is substantially limited. Specifically, REI does not design the products, and employees of REI do not have personal knowledge of the technical details set forth in the documents produced by RCL. Although "[t]he duty of preparation goes beyond the designee's personal knowledge and matters in which the designee was personally involved," *Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 554 (D. Del. 2013), a corporate subsidiary cannot be expected to acquire all of the knowledge of the parent company and testify on that information in a manner that would effectively result in an end-run around Judge Robinson's ruling on the motion to dismiss and the denial of the Hague Convention request by the Japanese authorities, *see In re Ski Train Fire*, 2006 WL 1328259, at *9 (S.D.N.Y. May 16, 2006).

14. **Conclusion.** In view of the foregoing analysis, IV's motion to compel is denied with respect to both the production of documents under the TAA and the preparation of a Rule 30(b)(6) witness to testify regarding the RCL documents.

15. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**16.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

/s/ Sherry R. Fallon
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE