IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 13-474-SLR |
| ) | |
| RICOH AMERICAS CORPORATION ) | |
| and RICOH ELECTRONICS, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of May, 2016, having reviewed the Report and Recommendation issued by Magistrate Judge Fallon on March 10, 2016 (D.I. 157), the objections thereto and related papers filed in connection therewith;

IT IS ORDERED that, as the court finds no legal error in Judge Fallon's analysis, the Report & Recommendation is accepted, but only to the extent explained below:

1. At the outset of the above captioned litigation, plaintiff articulated the concern that it would be denied core liability discovery if Ricoh Company Ltd. ("RCL," a Japanese company that is the parent company of the defendants at bar, Ricoh Electronics, Inc. ("REI") and Ricoh Americas Corp. ("RAC")) were dismissed as a party. In moving for dismissal, defendants represented as follows:

> IV speculates that, if RCL is not a party, it may not get the technical discovery it needs. . . . IV identifies no information exclusively within the possession of RCL that is germane to its infringement case. On the other hand, it would be unreasonable and a hardship on RCL to force it to participate in litigation halfway around the world, particularly

when RAC and REI are able and willing to contest IV's claims.

(D.I. 17 at 8-9).

2. Given IV's efforts to obtain core liability discovery from the remaining defendants, IV's concern turns out to be well-founded. After the dismissal of RCL, REI and RAC stated that the technical documents sought by IV were not in their possession or control, but might be obtained from RCL. RCL refused to provide the documents voluntarily. Unable to obtain timely discovery from REI and RAC, IV sought discovery from RCL through international Letters Rogatory. That request was denied by the Japanese Ministry of Foreign Affairs.

3. It was not until October 2015 that REI produced a Technical Assistance Agreement ("TAA") between RCL and REI. The TAA was executed in October 2005 and, therefore, was known or should have been known to REI before this litigation commenced (March 2013). The TAA limits the flow of information from RCL to REI in several ways, from the narrow scope of products[1] to the nature of the information provided:

> In the event of any actual or threatened litigation against one of the parties hereto because of an alleged infringement of patents or other intellectual property rights of third parties, the other party will make available all information and particulars, if any, in its possession which will assist in **defending** against such actual or threatened suit. All expenses therefor shall be equally born by Ricoh and REI.

(D.I. 143, ex. C at 4) (emphasis added) According to the court's understanding, RCL has agreed to provide only information related to REI's non-infringement defenses, as opposed to all relevant core technical information. As a last resort, IV moved to compel

---

[1] "End Products," D.I. 143, ex. C, Art. 1(a).

2

REI to produce documents and Rule 30b)(6) testimony regarding the design and operation of the accused products. Magistrate Judge Fallon denied the motion, based on the legal confines effectively imposed by RCL.

4. The court understands that litigation in this country is much more intrusive than elsewhere in the world, including Japan. However, the fact remains that the parent company of the defendants has relevant information critical to a fair and just resolution of this patent infringement case, and has erected legal barriers to the production of such information through its subsidiaries, barriers that were known but not disclosed to the court when considering dismissal. It is a defendant's obligation under this court's rules to provide all relevant, non-privileged information. The court declines to allow RCL and defendants to use the TAA as both a sword and a shield.

THEREFORE, IT IS FURTHER ORDERED that defendants shall show cause, on or before **June 6, 2016**, why defendants should not be precluded from using any information provided by their parent RCL[2] in their defense. Plaintiff may respond on or before **June 20, 2016**. The court will address the issue at the June 22, 2016 expert discovery status conference.

*[signature]*
United States District Judge

---

[2]Depending on the flow of information to defendants versus to plaintiff, the court may also consider the imposition of a negative inference as to infringement.

3